

**SIGNED this 29 day of April, 2010.**

_____
**JOHN T. LANEY, III
CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.: 09-71049- JTL |
| PORSCHA CAMPBELL, | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 7 |

**Memorandum Opinion**

This matter comes before the court on unsecured creditor Clinton Timmons' Motion to Reopen Case for the purpose of seeking limited relief from the permanent discharge injunction pursuant to 11 U.S.C. §524 in order to seek a judgment of liability against the debtor so that he may proceed against the debtor's liability insurer. For the reasons set forth below, this court GRANTS Mr. Timmons' Motion to Reopen the Case.

**Background**

Porscha Campbell filed a Chapter 7 voluntary petition with this court on July 2, 2009. A discharge order was entered on September 29, 2009. A law suit was initiated against the debtor on June 17, 2009 to recover damages incurred when the debtor's

vehicle struck an automobile that the plaintiff was driving. Permanent General Assurance Corporation, debtor's automobile insurer at the time of the accident, hired counsel to represent the debtor in the state court claim. Mr. Timmons filed a "Petition to Lift Permanent Stay" on January 25, 2010, and a "Motion to Reopen Bankruptcy Case" on February 12, 2010. The debtor's state court counsel filed an objection in the debtor's name. A hearing was held on the motions on March 31, 2010. The debtor's insurance counsel had not been served with the creditor's petition; thus, the court allowed the debtor's attorney for the state court claim 15 days to file a letter brief, which was submitted to the court on April 15, 2010. The debtor's bankruptcy attorney stated in open court that the debtor consented to the reopening of the case and the limited relief requested because the debtor would incur no injury other than inconvenience if the relief requested is granted.

### Conclusions of Law

The Eleventh Circuit Court of Appeals has held that a creditor can seek relief from the discharge injunction to pursue a judgment of liability against the debtor for the sake of recovering against the debtor's insurer. See In re Jet Florida Systems, Inc., 883

F.2d 970 (11th Cir. 1989) (A discharge will not act to enjoin a creditor from taking action against another who also might be liable to the creditor). In In re Jet Florida Systems, Inc., the creditor and former employee of Jet Florida System, Inc. asserted a defamation claim and conceded that he could not proceed against the assets of the bankruptcy estate. See 883 F.2d at 973. However, the creditor did contend, and the court agreed, that he could proceed against the debtor to establish the debtor's liability in order to recover from the debtor's insurer. Id. In determining whether the creditor should be permitted to proceed with his claim, the court began its analysis with 11 U.S.C. §524(a), noting that §524 explicitly renders judgments void only for the "personal liability of the debtor." Id. Because the statutory language, on its face, does not preclude the determination of the debtor's liability for the purpose of recovering from a third party, the court held that the permanent injunction could be lifted. See id.

The Eleventh Circuit also relied upon 11 U.S.C. §524(e) for the proposition that a creditor may seek relief from the permanent injunction in order to establish liability of the debtor to recover from a third party. 11 U.S.C. §524(e) provides as follows:

> Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.

The court also cites the following excerpt from *Collier:*

> the provisions of 524(a) apply only with respect to the *personal liability* of the debtor. When it is necessary to commence or continue a suit against a debtor in order, for example, *to establish liability of another,* perhaps a surety, such suit would not be barred. Section 524(e) was intended for the benefit of the debtor but was not meant to affect the liability of third parties or *to prevent establishing such liability* through whatever means required.

See 883 F.2d at 973 (citing 3 R. Babitt, A. Herzog, R. Mabey, H. Novikoff, & M. Sheinfeld, *Collier on Bankruptcy* ¶ 524.01 at 524-16 (15th ed.1987) (alteration in original)).

The court comes to the conclusion that the obligation of an insurer must certainly fall within the cited parameters. See 883 F.2d at 973. The debtor also contends that Mr. Timmons' motion and petition are untimely filed pursuant to state law. However, the

cited state court cases offer no support. In Roy v. Garden Ridge, L.P., plaintiffs filed a personal injury tort action against a corporation which later filed for protection under Chapter 11 of the bankruptcy code. See 283 Ga. App. 74 (2006). Rather than seek relief from the discharge injunction in the bankruptcy court, plaintiffs attempted to prosecute their action in state court despite the injunction. See id. Accordingly, the Georgia Court of Appeals correctly held that the bankruptcy injunction prevented prosecution of the state court action and any challenge to the discharge injunction would have to be made in the bankruptcy court. See id. In this case, the creditor plaintiff is following proper procedure by seeking relief from the discharge injunction in the bankruptcy court; accordingly, the court can find no parallel between the cases cited and the instant case.

## Conclusion

This court finds that the cases cited in support of the allegation that Mr. Timmons' claim is untimely are not on point and lend no support to the debtor's position. The bankruptcy court is a court of equity, and; consequently, this court exercises its discretion to grant the creditor's motion and lift the permanent injunction for the limited purpose of enabling the creditor to seek a liability judgment against the debtor as a

prerequisite to recover from the insurer. An order in accordance with this memorandum opinion will be entered.